**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TORRENCE HORTON,**    * | **CIVIL ACTION** |
|    * | |
|      **Plaintiff,**    * | |
|    * | **NO. _____** |
| **VERSUS**    * | |
|    * | |
|    * | |
| **ADM D/B/A ARCHER-DANIELS-**    * | |
| **MIDLAND AND DENNIS MIRANDA**    * | |
| **AND TODD WEBBER,**    * | |
|    * | |
|      **Defendants.**    * | |
|    * | |

**NOTICE OF REMOVAL**

Defendants Archer-Daniels-Midland Company ("ADM")[1] and Dennis Miranda,[2] (collectively "Defendants"), appearing through undersigned counsel and with a full reservation of rights and defenses, file this Notice of Removal of the captioned action to the United States District Court for the Middle District of Louisiana, from the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, where the action was filed and is pending, as provided by 28 U.S.C. §§ 1441 and 1446. This action may be removed because the Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) with respect to the only properly joined defendant, ADM. In support of this Notice of Removal, ADM respectfully represents the following:

---

[1] Plaintiff and the named individual Defendants were employees of American River Transportation Company, LLC ("ARTCO"), not ADM. Thus, ADM is improperly identified as the Defendant in the Petition. However, because ADM is the sole member of ARTCO, a limited liability company, the error is immaterial to the matter of diversity jurisdiction because ADM and, thus, ARTCO are diverse as explained herein.

[2] Undersigned counsel also represents defendant Todd Weber (whose last name is misspelled as "Webber" in the Petition), who has not yet been served in this matter.

## I.    PROCEDURAL BACKGROUND

1.

On or about August 26, 2022, plaintiff, Torrence Horton ("Plaintiff"), filed this action in the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, entitled "*Torrence Horton vs. ADM d/b/a Archer-Daniels-Midland and Dennis Miranda and Todd Webber*," Case Number 134901 (the "Petition"). A copy of the "Petition for Damages for Wrongful Termination, Retaliation, and Discrimination" is attached hereto in accordance with 28 U.S.C. § 1446(a) as **Exhibit 1.**

2.

ADM was served with the Petition, through its registered agent, CT Corporation, on September 1, 2022.  *See* **Exhibit 2**, Service-of-Process Transmittal from CT Corporation to ADM. Miranda was served with the Petition on September 2, 2022.  *See* **Exhibit 3**, Citation for Petition. Removal is timely because the Notice of Removal has been filed within thirty days of ADM's receiving the initial pleading. 28 U.S.C. § 1446(b)(1).

3.

A copy of the full state court record is attached as **Exhibit 4**.

4.

All defendants who have been properly joined and served have consented to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(A). Although ADM is the only properly joined defendant, the Petition also names as defendants two of Plaintiff's former co-workers, Miranda

and Weber. Neither Miranda nor Weber were properly joined in this matter,[3] and therefore, neither one's consent is necessary for removal. *See Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (explaining that 28 U.S.C. § 1446 has been interpreted to require that all then-served properly joined defendants join in the removal petition). Nonetheless, both individual defendants have consented to this removal, with a full reservation of all defenses and rights, including the right to challenge their joinder in this case as fraudulent for diversity jurisdiction purposes.

5.

Venue for removal is proper in this district under 28 U.S.C. § 1441(a) because the district encompasses the 23rd Judicial District Court for the Parish of Ascension, the forum in which the removed action was pending.

6.

Promptly after filing this Notice of Removal, Defendants will serve Plaintiff and file a notice attaching a copy of this Notice of Removal with the Clerk of Court for the 23rd Judicial District Court for Ascension Parish in satisfaction of 28 U.S.C. §1446(d).

## II.     BASIS FOR REMOVAL: DIVERSITY JURISDICTION

7.

Under 28 U.S.C. § 1441, any state court civil action over which the federal courts would have original jurisdiction may be removed from state to federal court. 28 U.S.C. § 1441(a); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

---

[3] Weber's consent is also not necessary given that Plaintiff has yet to serve him.

8.

A case may be removed pursuant to 28 U.S.C. § 1332 if there is complete diversity of citizenship and the amount in controversy is greater than $75,000 exclusive of interests and costs. 28 U.S.C. § 1332(a); *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018).

9.

"Ordinarily, diversity jurisdiction requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist. However, if the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc).

10.

Removal of the state court action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between the plaintiff and the only *properly joined* defendant, ADM, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

A.    **The Properly Joined Parties Are of Diverse Citizenship.**

11.

Upon information and belief, Plaintiff is, and was at the time he filed the Petition, a citizen of the state of Louisiana. (Exh. 1, Pet., Introductory Paragraph.)

4

12.

ADM is, and was at the time Plaintiff filed the Petition, a citizen of the states of Delaware and Illinois. Pursuant to 28 U.S.C. § 1332(c), the citizenship of a corporation is determined by its state of incorporation and its principal place of business. ADM is a Delaware corporation, with its principal place of business in Chicago, Illinois. *See* **Exhibit 5**, Declaration of Mary Kay Cunningham. Thus, for purposes of diversity, ADM is a citizen of the states of Delaware and Illinois.

13.

Therefore, there is complete diversity of citizenship between Plaintiff and ADM.

**B.     The Citizenship of Individual Defendants Miranda and Weber Should Be Disregarded Because They Were Improperly Joined.**

14.

Although the Petition alleges that defendants Miranda and Weber are citizens of Louisiana, *see* Exh. 1, Pet. ¶ I(b) and (c), these defendants were improperly joined, and therefore their citizenship should not be considered for purposes of establishing diversity. *See Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001) (fraudulent joinder of a defendant will not operate to defeat diversity jurisdiction).

15.

"[A] non-diverse party is improperly joined if the plaintiff is unable 'to establish a cause of action against the non-diverse party in state court.'" *Flagg*, 819 F.3d at 136 (quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). Thus, improper joinder occurs when "there is no reasonable basis for the district court to predict that the plaintiff might be able

to recover against an in-state defendant." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303 (5th Cir. 2005) (quoting *Smallwood*, 385 F.3d at 573)).

14.

In determining whether there is a reasonable basis to predict whether the plaintiff might recover against the non-diverse defendant, the Court often uses a Rule 12(b)(6) analysis. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016). In order to survive Rule 12(b)(6) scrutiny, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019) (internal quotations omitted).

16.

The Petition's sole allegation concerning Weber is that Weber is "an employee at ADM" who "is domiciled in the State of Louisiana." (Exh. 1, Pet. ¶ I(3).) There are no *substantive* allegations concerning any conduct in which Weber allegedly engaged that could have caused or otherwise resulted in his individual liability to Plaintiff. Simply, Plaintiff fails to state *any* claim against Weber whatsoever.

17.

Plaintiff's naming of Miranda as a defendant in this action is equally improper. Aside from alleging that Miranda is an ADM employee domiciled in the state of Louisiana (Exh. 1, Pet. ¶ I(2)), the Petition contains only one other factual allegation concerning Miranda—that Miranda is the individual who conveyed ADM's decision to terminate Plaintiff's employment (Exh. 1, Pet. ¶ IV). Again, the Petition fails to set forth sufficient facts to suggest Miranda engaged in any improper conduct for which he could be held individually liable to Plaintiff.

6

18.

To the extent the Petition suggests Plaintiff seeks to hold Miranda (or Weber) liable for Plaintiff's allegedly wrongful termination or for otherwise engaging in allegedly discriminatory or retaliatory conduct, no such conceivable claim can lie against individual employees such as Miranda and Weber. *See, e.g.*, *Mitchell v. Tracer Const. Co.*, 256 F. Supp. 2d 520, 525 (M.D. La. 2003) (recognizing that Louisiana's antidiscrimination law applies solely with respect to "employers" not individual employees); *Roscoe v. Dan Hastings & Irwin Mortg. Corp.*, 43,942, p. 4 (La. App. 2 Cir. 01/14/09), 999 So. 2d 1218, 1220 ("Because Mr. Hastings was not the employer of the plaintiff, the trial court found that under the LEDL, the plaintiff did not have an employment claim.").[4]

19.

Additionally, there is no claim under Louisiana law for "wrongful termination," much less such a claim against an individual co-worker or supervisor. *See Stewart v. Courtyard Mgmt. Corp.*, 155 F. App'x 756, 758-59 (5th Cir. 2005); *Johnson v. Acosta*, No. 10-1756, 2010 WL 4025883, at *7 (E.D. La. Oct. 12, 2010). And, the Petition does not cite any statute or other legal authority for such a proposition.

---

[4] Paragraph VIII of the Petition also appears to hold "defendants" or "defendants, ADM" liable for "negligent acts of omission and commission…." (Exh. 1, Pet. ¶ VIII.) Though it is not clear from the allegations in the Petition that such a claim is being brought against Miranda or Weber individually, to the extent Plaintiff is pursuing such a claim, he has not alleged any facts in support thereof. Therefore, Plaintiff has also failed to state any negligence claim against Miranda or Weber. *Jackson v. Country Club of Louisiana, Inc.*, No. 20-452, 2021 WL 261538, at *5 (M.D. La. Jan. 26, 2021); *Harper v. Boise Paper Holdings, L.L.C.*, 575 F. App'x 261, 264 (5th Cir. 2014).

20.

Thus, from a plain reading of the Petition, Plaintiff fails to state a claim against Miranda or Weber upon which relief can be granted.

21.

For these reasons, defendants Miranda or Weber were improperly joined and should not be considered for purposes of establishing diversity under 28 U.S.C. § 1332.

22.

Therefore, complete diversity has been established between Plaintiff and the only proper defendant, ADM.

**C.    The Amount in Controversy Exceeds $75,000.**

23.

The amount in controversy requirement is also satisfied because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).

24.

Louisiana law prohibits a plaintiff from specifying a numerical dollar amount in the complaint. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing La. Code Civ. Proc. art. 893A(1)). Under the Fifth Circuit Court of Appeals standard, a defendant may establish that the amount-in-controversy requirement is met by demonstrating that it is "facially apparent" that the claims exceed $75,000. *See id*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

25.

From the face of the Petition, it is evident that the amount in controversy exceeds the $75,000 jurisdictional threshold. Plaintiff alleges that he has sustained and is entitled to several categories of damages, including "[p]ast, present and future physical pain and suffering;" "[p]ast, present and future mental anguish and emotional distress;" "[p]ast loss earnings[;]" and "penalties and attorney's fees[.]" (Exh. 1, Pet. ¶ IX and subparts.) Plaintiff further alleges that his yearly salary prior to his allegedly wrongful termination from ADM was $110,000 and that he was terminated on April 21, 2020, more than two years ago. (Exh. 1, Pet. ¶¶ II and VII.) Thus, Plaintiff's back wage claim on its own easily exceeds the jurisdictional minimum. *See Hollis v. Centennial Commc'ns, Corp.*, No 06-1762, 2007 WL 1191260, at *4 (W.D. La. Apr. 4, 2007).

26.

Accordingly, all requirements for removal under 28 U.S.C. §§ 1332 and 1441 have been satisfied.

WHEREFORE, Archer-Daniels-Midland Company hereby removes this action to the United States District Court for the Middle District of Louisiana for further proceedings and disposition.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


BY:    */s/Jennifer L. Anderson*
        JENNIFER L. ANDERSON, T.A.  (LA 23620)
        450 Laurel Street, North Tower, 21st Floor
        Baton Rouge, Louisiana 70801
        Telephone:  (225) 381-7000
        Facsimile:  (225) 343-3612
        E-mail:  jlanderson@bakerdonelson.com

        Emily Olivier Kesler (LA 37747)
        St. Charles Avenue, Suite 3600
        New Orleans, LA 70170
        Telephone: (504) 566-8634
        Email: ekesler@bakerdonelson.com

        **ATTORNEYS FOR ARCHER-DANIELS-
        MIDLAND COMPANY**


### CERTIFICATE OF SERVICE

I hereby certify that service of a copy of the foregoing pleading or paper on the Defendant shall be made in the manner and time as may be required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

                    */s/Jennifer L. Anderson*
                    Jennifer L. Anderson

10