

| Online ACCESS Main Menu | Contact Us | Land Records | Maps | Civil Suits | Criminal Records | Pending Criminal Inquiry | Marriage Licenses | Order History | Your cart contains 0 document(s) | Log Out - kviator@bakerdonelson.com |

### Ascension Civil Suits Search - Suits List - Suit 134901 Detail

| | | | |
|---|---|---|---|
| **Title:** | HORTON, TORRENCE vs ADM DBA | **Judge:** | TURNER, HONORABLE ALVIN JR |
| **Cause:** | DAMAGES | **Date Filed:** | 08/26/2022 |

### View Minutes

| Part# | Name | Attorney |
|---|---|---|
| P001 | HORTON, TORRENCE | BATISTE, MAYNARD K SR |
| D001 | ADM DBA | UNASSIGNED, |
| D002 | ARCHER DANIELS MIDLAND | UNASSIGNED, |
| D003 | MIRANDA, DENNIS | UNASSIGNED, |
| D004 | WEBER, TODD | UNASSIGNED, |

| Description | Date Filed | Attorney | Image |
|---|---|---|---|
| JAMIS FORM | 08/26/2022 | | |
| JUDICIAL COLLEGE FUND | 08/26/2022 | | |
| COURTHOUSE BUILDING FUND | 08/26/2022 | | |
| ALLOT E | 08/26/2022 | | |
| INDEXING | 08/26/2022 | | |
| INITIALIZATION FEE | 08/26/2022 | | |
| STATE TREASURER | 08/26/2022 | | |
| 23RD JDC JUDGES | 08/26/2022 | | |
| G/DEP MAYNARD BATISTE | 08/26/2022 | | |
| CITATION AND RETURN | 08/29/2022 | | View (2 pages) |
| COURTHOUSE BUILDING FUND | 08/29/2022 | | |
| COURTHOUSE BUILDING FUND | 08/29/2022 | | |
| CONFORMED COPY | 08/29/2022 | | |
| CERTIFIED COPY | 08/29/2022 | | |
| ADM DBA ARCHER DANIELS MIDLAND | 08/29/2022 | | |
| MR DENNIS P MIRANDA | 08/29/2022 | | View (3 pages) |
| ADM DBA ARCHER DANIELS MIDLAND | 08/29/2022 | | |
| MR DENNIS P MIRANDA | 08/29/2022 | | |
| CIVIL CASE REPORT/SUP CRT | 08/29/2022 | | |
| PAY-SUPREME CRT/REPORT | 08/29/2022 | | |
| PET DAMAGES | 08/29/2022 | | View (5 pages) |
| COPIES/SUPREME COURT | 09/02/2022 | | |



EXHIBIT 4

| | |
|---|---|
| **TORRENCE HORTON** | RECEIVED AND FILED **CASE NO.** 134901 **DIV.** |
| | BRIDGET HANNA |
| | CLERK OF COURT **23RD JUDICIAL DISTRICT COURT** |
| **VERSUS** | 2022 AUG 26 I A 10:25 |
| | **PARISH OF ASCENSION** |
| **ADM D/B/A ARCHER-DANIELS** | Darla Brown |
| **-MIDLAND AND DENNIS MIRANDA** | Y CLERK & RECORDER |
| **AND TODD WEBBER** | ASCENSION PARISH, LA. **STATE OF LOUISIANA** |

**DIVISION E**

---

## PETITION FOR DAMAGES FOR WRONGFUL TERMINATION RETAILIATION AND DISCRIMINATION

---

**NOW INTO COURT**, through undersigned counsel, comes **TORRENCE HORTON**, a person of the full age of majority, a resident of the State of Louisiana, who, with respect, shows the Court as follows:

I.

That made defendants herein are:

1. **ADM, D/B/A/ARCHER-DANIELS-MIDLAND,** is a business entity domiciled in the State of Delaware and licensed to do business in East Baton Rouge in +the State of Louisiana;

2. **Mr. DENNIS MIRANDA, OPERATIONAL MANAGER** at ADM, Inc. and a person of full majority and is domiciled in the State of Louisiana

3. **MR. TODD WEBER,** employee at ADM and a person of full majority and is domiciled in the State of Louisiana; and

II.

Plaintiff, Mr. Torrance Horton, avers that on or April 21, 2020 he was **WRONGFULLY TERMINATED** from ADM, Inc. after being employed as a professional crane operator involving the use of large crane equipment without any negative performance evaluations. He began working at Saint James Stevedoring in February of 1998 before they were bought out by **ADM**. Later in 2007 **ADM** would merge with a company called **Artco**. All three companies were involved with the same type of work wherein I worked as a

professional crane operator for nearly 22 years.

### III.

On are about April 20, 2020 plaintiff was engaged in a conversation with a company supervisor named, Mr. Lawrence Rosenberg, with whom he had always held formal and informal conversations with about his job. On this occasion he allegedly called him a suckass because almost 1 year ago because Mr. Rosenberg had two employees fired for horseplay. It must be noted that plaintiff didn't testify on behalf of the company to indict these two individuals and this may also have some bearing on his wrongful termination. Plaintiff had NEVER been written up for any work related complaints. He has always received good performance evaluations which were conducted every year at ADM. In fact, plaintiff has   always received pay bonuses

### IV.

On April 21, 2020 plaintiff received a call on his cellphone from his operation manager, Mr. Dennis P. Miranda, telling him that that he would be terminated from **ADM.** On or about 4-20-2020 plaintiff submitted a handwritten letter to HR informing them that he felt as if he was being harassed about an incident that took place almost one year before in which he did not testify against two employees Mr. Rosenberg sought to fire and he did.

### V.

Plaintiff was stunned when Mr. Miranda told him that he was being terminated without a hearing or any notice to defend himself. He was never told WHY he was being terminated after 13 years of service with ADM, Artco and St. James Stevedoring.

### VI.

Plaintiff also avers that on more than several occasions other employees on the job who were African Americans have been DISCRIMINATED AGAINST. Plaintiff himself has heard and witnessed the actions of WHITE employees that included vulgarities hurled

towards African American supervisors; racial epithets used such as the word NIGGERS against African American employees. Plaintiff eventually learned of the federal lawsuit being filed against ADM for failing to prevent such hostile environments for African American employees. Plaintiff never threatened anyone nor exhibited disobedient or unsafe actions on the job but as an African American he now was wrongfully terminated without NOTICE or JUST CAUSE according to ADM's own rules and regulations.

VII.

Plaintiff was evaluated yearly at his job as my crane operational and always received bonuses and raises for my work. His salary was roughly $110,00 per year prior to being wrongfully terminated from ADM. I have sustained damages as a result of their actions. Plaintiff had loss his yearly salary as a Certified Licensed Crane Operator by NCCO with Lift Tech (National Crane Operators) and his reputation has suffered and be damaged in the community of crane operators as a result of this wrongful termination; breach of contract which is bordering on a violation of Louisiana's Public Policy of Fairness and Equitable treatment as a work to hire State and their discriminatory acts at ADM.

VIII.

The aforesaid accident sued on herein was the fault of, and approximately caused by defendants, including the following negligent acts of omission and commission, among others, which may be shown during the trial thereof:

(A) Negligence of defendants, ADM.:

    1. Defendants violated Louisiana Law found under Civil Code Articles 2749, 2315 and 2320; as well as, the fundamental public policy rules in the State of Louisiana ; and

    2. Defendants illegally sought retaliation for plaintiff exercising his rights under Louisiana Law wherein retaliation actions are deemed in violation of Louisiana Law found under Louisiana Equal Opportunity Employment

and Non-Discrimination Acts; as well as, Civil Code Articles 2315, 2320 and 2749 in the State of Louisiana, which are specially pleaded herein; and,

3. Defendants have violated Louisiana Law by discriminating against the plaintiff

IX.

Plaintiff alleges that ALL defendants, have been arbitrary and capricious in its willful failure to pay this claim subsequent to receiving proof of the amount of damages and as a result, is liable for penalties and attorney's fees, as well as

As a result of the previously mentioned injuries sustained following:

A. Past, present and future physical pain and suffering;
B. Past, present and future mental anguish and emotional distress;
C. Past loss earnings

X.

In accordance with the Louisiana Code of Civil Procedure, articles 1572 and 1913, plaintiffs request written notice of any and all assignments of this case for trial or hearing, and notice of any signing of any judgement herein.

XI.

In accordance with the Louisiana Code of Civil Procedure, articles 1572 and 1913, plaintiffs request written notice of any and all assignments of this case for trial or hearing, and notice of any signing of any judgement herein.

**WHEREFORE**, Plaintiff prays that after due proceedings are had, there be a judgement rendered herein in favor of plaintiff, **TORRENCE HORTON**.

RESPECTFULLY SUBMITTED:

*[signature]*

MAYNARD K. BATISTE, SR.
ATTORNEY AT LAW (bar roll# 23602)
412 North 4th Street, suite 102
BATON ROUGE, LOUISIANA 70815
(225) 571-4397
Email Maynardbatiste@bellsouth.net


Please Serve the Following:

    ADM D/B/A Archer-Daniels-Midland
    Through its agent for service of process
    CT CORPORATION SERVICE COMPANY
    3867 Plaza Tower Drive
    BATON ROUGE, LA. 70816

And

    Mr. Dennis P. Miranda
    545 Giacomo Street
    Norco, La. 70079

## CITATION FOR PETITION

TORRENCE HORTON                             23RD JUDICIAL DISTRICT COURT

VERSUS                                      PARISH OF ASCENSION

ADM DBA ARCHER DANIELS MIDLAND et al        STATE OF LOUISIANA

DOCKET NUMBER: 00134901E

**SERVE: ADM DBA ARCHER DANIELS MIDLAND**
THROUGH AGENT CT CORPORATION SERVICE COMPANY
3867 PLAZA TOWER DRIVE
BATON ROUGE, LA.  70816

*PLEASE RETURN TO CLERK OF COURT*

PARISH OF EAST BATON ROUGE

You are named as a defendant in the above captioned matter.  Attached to this citation is a:

**CERTIFIED COPY OF ORIGINAL PETITION**

You must either comply with the demand contained in the petition or make an appearance either by filing an answer or other pleading in the 23rd Judicial District Court located at 607 E. Worthey St., Gonzales within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of th amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or within **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE**

This service was ordered by Attorney BATISTE, MAYNARD K and was issued by the Clerk of Court on the 29TH day of AUGUST, 2022.

_____
Deputy Clerk of Court for
Bridget Hanna, Clerk of Court

**SHERIFF'S RETURN**

0015

## CITATION FOR PETITION

| | |
|---|---|
| TORRENCE HORTON | 23RD JUDICIAL DISTRICT COURT |
| VERSUS | PARISH OF ASCENSION |
| ADM DBA ARCHER DANIELS MIDLAND et al | STATE OF LOUISIANA |

DOCKET NUMBER: 00134901E

**SERVE: MR DENNIS P MIRANDA**
545 GIACOMO STREET
NORCO, LA.  70079

*PLEASE RETURN TO CLERK OF COURT*

PARISH OF ST. CHARLES

You are named as a defendant in the above captioned matter.  Attached to this citation is a:

**CERTIFIED COPY OF ORIGINAL PETITION**

You must either comply with the demand contained in the petition or make an appearance either by filing an answer or other pleading in the 23rd Judicial District Court located at 607 E. Worthey St., Gonzales within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of th amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or within **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE**

This service was ordered by Attorney BATISTE, MAYNARD K and was issued by the Clerk of Court on the 29TH day of AUGUST, 2022.

_____
Deputy Clerk of Court for
Bridget Hanna, Clerk of Court

---

**SHERIFF'S RETURN**

0018

## CITATION FOR PETITION

**RETURN**

TORRENCE HORTON

VERSUS

ADM DBA ARCHER DANIELS MIDLAND et al

23RD JUDICIAL DISTRICT COURT

PARISH OF ASCENSION

STATE OF LOUISIANA

DOCKET NUMBER: 00134901E

**SERVE: MR DENNIS P MIRANDA**
545 GIACOMO STREET
NORCO, LA. 70079

PARISH OF ST. CHARLES

RETURNED SEP 0 9 2022

PLEASE RETURN TO CLERK OF COURT

You are named as a defendant in the above captioned matter. Attached to this citation is a:

**CERTIFIED COPY OF ORIGINAL PETITION**

You must either comply with the demand contained in the petition or make an appearance either by filing an answer or other pleading in the 23rd Judicial District Court located at 607 E. Worthey St., Gonzales within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of th amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or within **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE**

This service was ordered by Attorney BATISTE, MAYNARD K and was issued by the Clerk of Court on the 29TH day of AUGUST, 2022.

_____
Deputy Clerk of Court for
Bridget Hanna, Clerk of Court

**SHERIFF'S RETURN**

0018

Received Parish of St. Charles on the 2 day of September
and on the 2 day of September I served a copy of the
within Citation
on Dennis P. Miranda at his _____
his usual place of domicile, in the Parish of St. Charles, by _____
and delivering the same to Dennis P. Miranda in person.
Return Parish of St. Charles September 2, 2022

676
Sheriff
7:22 am

Deputy

Received Parish of St. Charles on the _____ day of _____
and on the _____ day of _____ I served a copy of the
within _____
on _____
by leaving the same at _____ domicile _____ this parish
in the hands of _____
a person apparently over the age of 14 years living or employed
in said domicile, whose name and other facts connected with said
service I learned by interrogating the said _____ being absent
the said _____
from _____ domicile at the time of said service.
Returned Parish of St. Charles _____

_____
DEPUTY SHERIFF

# GREG CHAMPAGNE
# SHERIFF & EX-OFFICIO TAX COLLECTOR ST. CHARLES PARISH

Clerk of Court Ascension Parish
P.O. Box 192

Donaldsonville, LA 70346

**DISTRICT COURT**
FOR THE PARISH OF ST. CHARLES
9/2/2022

Case: (03) 134901    TORRENCE HORTON vs ADM DBA ARCHER DANIELS MIDLAND ET AL

| Nbr | Date | Service Type | Charges |
|---|---|---|---|
| 1 | 08/31/2022 | Citation | $30.00 |

DENNIS P MIRANDA; 545 GIACOMO ST; NORCO, LA 70079
**Date of Disposition:** 09/02/2022 **Disposition Type:** PERS

| C | 1 | 08/31/2022 | Mileage Charge | | $12.60 |
|---|---|---|---|---|---|
| | | | | Case Total: | $42.60 |
| | | | Total: | | $42.60 |

Please make check payable to:
GREG CHAMPAGNE, SHERIFF &
EX-OFFICIO TAX COLLECTOR
P.O. Box 426
HAHNVILLE, LA 70057

TO BE RETURNED WITH PAYMENT