# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TORRENCE HORTON**                                    **CIVIL ACTION**

**VERSUS**                                             **NO. 22-668-SDD-SDJ**

**ADM, DENNIS MIRANDA,**
**AND TODD WEBBER**

---

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 21, 2023.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TORRENCE HORTON**                                      **CIVIL ACTION**

**VERSUS**                                              **NO. 22-668-SDD-SDJ**

**ADM, DENNIS MIRANDA,**
**AND TODD WEBBER**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (R. Doc. 6) filed by Plaintiff Torrence Horton on October 18, 2022. Defendants filed an Opposition (R. Doc. 13). For the reasons given below, the Court recommends that Plaintiff's Motion to Remand (R. Doc. 6) be denied. Subject matter jurisdiction is met under 28 U.S.C. § 1332 (diversity). The non-diverse Defendants, Dennis Miranda and Todd Weber, are improperly joined and subject to dismissal without prejudice. And Plaintiff's post-removal stipulation, which is not even binding, cannot be considered as the amount in controversy is facially apparent.

## I.    BACKGROUND

Plaintiff filed this cause of action on August 26, 2022, in the 23rd Judicial District Court for the State of Louisiana against the following Defendants: his former employer, Archer-Daniels-Midland Company,[1] and two former co-workers, Dennis Miranda and Todd Weber. Plaintiff sues

---

[1] According to the Notice of Removal, Plaintiff, along with Weber and Miranda, were actually employed by American River Transportation Company (ARTCO) and not ADM. (R. Doc. 1 at 1 n.1). Therefore, ADM is improperly identified in the Complaint. However, ADM represents that this "error is immaterial" for purposes of establishing diversity, as ADM is the sole member of ARTCO, a limited liability company. (R. Doc. 1 at 1 n.1). *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of [an] LLC is determined by the citizenship of all of its members.").

all three Defendants for "negligence," asserting tort claims under Louisiana Civil Code articles 2315 (tort liability), 2320 (respondent superior), and 2749 (dismissal of employee hired for certain time). (R. Doc. 1-5 at 4-5). Plaintiff also appears to sue all three Defendants for retaliation and discriminatory discharge under "Louisiana Equal Opportunity Employment and Non-Discrimination Acts," a law which does not exist. (R. Doc. 1-5 at 4-5).[2] As relief, Plaintiff seeks back pay, among other things. (R. Doc. 1-5 at 5). Following service, ADM then removed the case to federal court based on diversity jurisdiction. (R. Doc. 1).

In its Notice of Removal, ADM asserts that diversity jurisdiction exists because the amount in controversy is met, given Plaintiff's claim for back pay (R. Doc. 1 at 8-9), and that all properly joined parties are completely diverse (R. Doc. 1 at 4-8). Specifically, Plaintiff is a citizen of Louisiana, while ADM (a corporation) is a citizen of both Delaware and Illinois. And although Todd Weber and Dennis Miranda are Louisiana citizens like Plaintiff, they are both improperly joined. (R. Doc. 1 at 4-8).

Following removal, Plaintiff filed the instant Motion to Remand. (R. Doc. 6). While difficult to follow, the Motion focuses almost entirely on the amount in controversy, relying on a "Stipulation" that the required amount is not met. (R. Doc. 6 at 2). Plaintiff makes no effort to address ADM's position that the in-state Defendants, Miranda and Weber, are improperly joined, or otherwise argue that complete diversity does not exist.[3]

---

[2] The Complaint is difficult to follow (R. Doc. 1-5), as is the Motion to Remand (R. Doc. 6). The Court however has analyzed every possible state law claim being asserted.

[3] Instead of addressing improper joinder, or even the existence of complete diversity, Plaintiff confusingly explains that remand is warranted because "his claims fall under the penumbra of tort law in the State of Louisiana and does not give rise to any federal questions of law." (R. Doc. 6). Plaintiff additionally points out that he has "served one Louisiana citizens [sic] named in his original lawsuit (Dennis Miranda) despite defendant's objection that service is improper." (R. Doc. 6 at 1). But the presence of only state law claims would not preclude the Court's exercise of subject matter jurisdiction, so long as the requirements of diversity jurisdiction are met. *See* 28 U.S.C. § 1332. And Defendants make no objection regarding service on Miranda. Put simply, neither of the arguments move the ball.

## II.    LAW AND ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States," and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[J]urisdictional facts must be judged as of the time the complaint is filed . . . ."). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

### A.    Amount in Controversy

"When the complaint does not state a specific amount of damages, as in this case, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold." *James v. Malveaux*, 2017 WL 1366885, at *3 (W.D. La. Mar. 24, 2017). This burden can be satisfied either by demonstrating that the amount in controversy is "facially apparent" from the plaintiff's pleadings or "by setting forth the *facts* in controversy," with summary-judgment-type evidence, that support a finding of the requisite amount. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). And so, the district court must first examine the complaint to determine whether the amount in controversy is facially apparent; if it is not, only

then may the court rely on summary-judgment-type evidence to determine the amount in controversy.

Here, Plaintiff's Complaint includes a claim for back pay, among other things, and alleges he made "roughly $110,000 per year" before he was "wrongfully terminated from ADM" on April 21, 2020. (R. Doc. 1-5 at 3, 4, 5). "When calculating back pay to determine whether the amount in controversy exceeds the jurisdictional threshold, courts include the compensation allegedly lost up until the anticipated trial date." *James v. Malveaux*, 2017 WL 1366885, at *3 (W.D. La. Mar. 24, 2017). Plaintiff was terminated on April 21, 2020, according to the Complaint. (R. Doc. 1-5 at 3). And trial is currently set for August 19, 2024. Four years of back pay would equal $440,000.00, given the information provided in the Complaint. *See James*, 2017 WL 1366885, at *3 (calculating back pay according to annual earnings and the amount of time between termination and trial). Therefore, it is clear from face of the Complaint that Plaintiff's cause of action exceeds $75,000.00, exclusive of interests and costs. (R. Doc. 1-5 at 3-5) (terminated April 2020, annual salary of $100,000, and back pay).

When "it is facially apparent . . . that the amount in controversy exceeds $75,000 at the time of removal," as is the case here, "post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Therefore, the Court cannot consider Plaintiff's post-removal Stipulation that attempts to reduce the amount in controversy to below the jurisdictional threshold.[4] *See Hamilton v. Mike Bloomberg 2020, Inc.*, 2021 WL 5272218, at *2 & n.1 (5th Cir.

---

[4] Plaintiff's "stipulation" amounts to a single sentence: "The plaintiff however wishes to STIPULATE that his claim [sic] for damages ARE LESS THAN the $75,000 jurisdictional amount in controversy as required by Federal Law under 28 U.S.C. *1332." (R. Doc. 6 at 2). As the Court explains later on, because the amount in controversy was facially apparent at the time of removal, it cannot consider any post-removal stipulation filed by Plaintiff. But even if the Court could consider Plaintiff's "Stipulation," it would not warrant a different result.

Nov. 11, 2021) (While recognizing that "in limited circumstances later filings could be considered, i.e., if the basis for jurisdiction is ambiguous at the time of removal," the court here would not consider plaintiffs' post-removal stipulations reducing the amount in controversy as it was facially apparent from the Complaint.).

### B.    Improper Joinder and Complete Diversity

"Ordinarily, diversity jurisdiction requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). But, if the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss them from the litigation, and exercise subject matter jurisdiction over the remaining diverse defendant. *See Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806, 811 n.5 (5th Cir. 2021) ("[T]he proper mechanism of handling an improperly joined party is to dismiss it, not send it to another court to decide the merits."). A non-diverse defendant "is improperly joined if the plaintiff is unable to establish a cause of action against [them] in state court." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016); *see also Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (An in-state defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."); *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 296 n.3 (5th Cir. 2019) ("[A] Rule 12(b)(6)-type analysis applies

---

The "Stipulation" filed by Plaintiff does not "expressly renounce[] his right to recover in excess of $75,000.00 in state court," and is therefore not binding. *Guidry v. Murphy Oil USA, Inc.*, 2013 WL 4542433, at *7 (M.D. La. Aug. 27, 2013) ("The only way Plaintiff's stipulation would be binding, however, is if, within that stipulation, he expressly renounced his right to recover in excess of $75,000.00 in state court. This is because a Louisiana state court can award all damages to which it feels a plaintiff is entitled, regardless of what is plead in the petition."); *Printworks, Inc. v. Dorn Co., Inc.*, 869 F. Supp. 436, 440 (E.D.La.1994) (stipulations which "fall short of stipulating that the claimant will not seek more than the jurisdictional amount" are not binding).

when a federal court is considering whether to dismiss a non-diverse defendant as improperly joined.").

Plaintiff has seemingly alleged the following claims against all Defendants stemming from the termination of his employment: tort claims under Louisiana Civil Code articles 2315 (general tort liability), 2320 (respondent superior), and 2749 (dismissal of term employee without cause); and retaliation and discrimination claims under state law. (R. Doc. 1-5 at 4-5).[5] As explained below, Plaintiff has not stated any viable claims against the individual Defendants, Weber and Miranda.[6]

### i. Tort Claims under Louisiana Civil Code articles 2315, 2320, and 2749

**Louisiana Civil Code article 2315.** Plaintiff cannot state a claim against either Miranda or Weber for "negligence" under Louisiana Civil Code article 2315. *See* La. Civ. C. art. 2315 (general tort liability for negligent or intentional conduct); (R. Doc. 1-5 at 4) (asserting claims of "negligence" against all Defendants under article 2315). In Louisiana, worker's compensation is the exclusive remedy for an employee (or former employee) alleging a claim of negligence arising out of their employment. *See Thomas v. United Rentals, Inc.*, 2022 WL 17834073, at *7 (M.D. La. Aug. 9, 2022) ("any general negligence claim" against employer or coworkers "would be

---

[5] Again, the Complaint is hard to follow. But to the extent Plaintiff is attempting to bring his discrimination and retaliation claims under state tort law — specifically, Louisiana Civil Code articles 2315, 2320, and 2749 — those claims are addressed by the Court later on.

[6] Additionally, Plaintiff has not stated a claim against Todd Weber because his Complaint does not include a single factual allegation against him. Instead, the Complaint simple states that Weber is an "employee at ADM and a person of full majority and is domiciled in the State of Louisiana." (R. Doc. 1-5 at 2). Otherwise, there is no mention of Weber. For this additional reason, Plaintiff has not plead facts sufficient to state a claim against Weber, who is improperly joined. *See Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) ("To determine the validity of an improper joinder claim, we must evaluate all of the factual allegations in the light most favorable to the plaintiff."); *Lundy v. ACE Am. Ins. Co.*, -- F. Supp. 3d -- , 2023 WL 3730295, at *4 (M.D. La. May 30, 2023) (When conducting a Rule 12(b)(6)-type analysis to determine improper joinder, "the Court must determine whether the plaintiff has plead enough facts to state a claim to relief that is plausible on its face. A claim is facially plausible when the plaintiff pleads facts that allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

foreclosed by the Louisiana Workers Compensation Act" (LWCA)). Therefore, Plaintiff cannot make out a claim of negligence against his co-workers.

**Louisiana Civil Code article 2320.** Plaintiff has no cause of action against his co-workers, Miranda and Weber, for "negligence" under Louisiana Civil Code article 2320, which generally provides that an *employer* may be liable to others for the torts of their employees. *See* La. Civ. C. art. 2320 ("Masters and employers are answerable for the damage occasioned by their [employees] . . . ."). Here, Miranda and Weber are not employers. And therefore, they cannot be held liable under article 2320. Moreover, just like article 2315, any negligence claims under article 2320 would also be foreclosed by the LWCA. *See Jackson v. Country Club of Louisiana, Inc*., 2021 WL 261538, at *5 (M.D. La. Jan. 26, 2021) (dismissing with prejudice any claims against plaintiff's former employer and coworker under articles 2315 and 2320, as "such claims fall within the exclusive remedy of the LWCA"); *Thomas v. United Rentals, Inc*., 2022 WL 17834073, at *7 & n.7 (M.D. La. Aug. 9, 2022) ("Any general negligence claim . . . would be foreclosed by the [LWCA], which provides that workers' compensation benefits are the exclusive remedy of an employee against an employer (and/or co-workers) for injuries arising out of and in the course and scope of his employment. . . . The LWCA forecloses workplace negligence claims against [coworkers] Pesson and Melancon").

**Louisiana Civil Code article 2749.** Finally, Plaintiff cannot state a claim against Miranda and Weber for "negligence" under Louisiana Civil Code article 2749. Specifically, an *employer* may be liable under article 2749 for terminating an employee, but only if the employee has been "hired for a certain time," and is terminated "before that time has expired" without good cause. La. Civ. C. art. 2749. Here, not only are Weber and Miranda not Plaintiff's employers and did not pay his salary, also Plaintiff does not allege he was "hired for a certain time." *See Deus v. Allstate*

*Ins. Co.*, 15 F.3d 506, 517 (5th Cir. 1994) ("Unless the employment contract is for a definite period of time, there is no enforceable action for damages under Louisiana law, as the contract can be terminated at the will of either the employee or the employer."); *Bakay v. PosiGen, Inc.*, 2018 WL 6510827, at *3 (E.D. La. Dec. 11, 2018) ("Louisiana courts require, as a prerequisite for claiming unpaid salaries" under article 2749 "that the employee show she was hired for a definite time period."); *Thomas v. United Rentals Inc.*, 2022 WL 17834073, at *7 n.69 (M.D. La. Aug. 9, 2022) (dismissing claims against co-workers under 2749 as co-workers did not pay plaintiff's compensation and claim was also barred by LWCA). And so, Plaintiff has no viable negligence claims against Miranda or Weber under articles 2315, 2320, and 2749.

      **ii.    Retaliation and Discrimination Claims under the LEDL**

      Plaintiff also appears to assert claims of retaliation and discrimination under the "Louisiana Equal Opportunity Employment and Non-Discrimination Act" against all Defendants — Weber, Miranda, and ADM. (R. Doc. 1-5 at 4-5). However, the act identified by Plaintiff — "Louisiana Equal Opportunity Employment and Non-Discrimination Act" — does not exist. And "any claim purportedly raised under a non-existent law lacks a legal basis" and is not viable. *Thomas v. United Rentals, Inc.*, 2022 WL 17834073, at *5 (M.D. La. Aug. 9, 2022) ("As Plaintiff has not cited to (and the Court is unaware of) any provision of law entitled 'Louisiana Equal Opportunity Employment and Non-Discrimination Acts,' as referenced in the Petition, any claim purportedly raised under a non-existent law lacks a legal basis."). And while the Complaint can be difficult to follow, the Motion to Remand provides little to no clarity. The Motion to Remand does however state: "this tort issue is grounded in state law." (R. Doc. 6-1 at 3). To be clear, Plaintiff describes this litigation as one sounding in tort, without mentioning any other statutes or causes of action. (R. Doc. 6-1 at 3).

To the extent Plaintiff is attempting to assert employment discrimination and retaliation claims under any state tort law, including Louisiana Civil Code articles 2315, 2320, and 2749, those claims must fail. This Court and many others have made clear that a plaintiff "has no possibility of recovery for discrimination [or] retaliation under article 2315." *Thomas v. United Rentals, Inc.*, 2022 WL 17834073, at *6 (M.D. La. Aug. 9, 2022). The same is true for any discrimination or retaliation claims against Weber or Miranda under articles 2320 and 2749. *See Thomas,* 2016 WL 17834073*,* at *8 (the LEDL provides the "exclusive remed[y] in state law for claims by employees against employers for retaliation and/or employment discrimination"); *Senegal v. Suddenlink Comm'ns*, 2016 WL 595482, at *4 (W.D. La. Fe. 11, 2016) ("[C]ourts have found that under Louisiana law, there is no general tort liability for employment discrimination.").

And to be thorough, if Plaintiff is indeed asserting any discrimination or retaliation claims under the Louisiana Employment Discrimination Law (LEDL) against Miranda or Weber, those too must fail. *See* La. R.S. 23:332 (prohibiting discrimination in employment based on "race, color, religion, sex, national origin, or natural, protective, or cultural hairstyle"); *Martin v. Winn-Dixie Louisiana, Inc*., 2015 WL 1281943, at *7 (M.D. La. Mar. 20, 2015) ("while the LEDL does not include a provision for retaliation, the legislature amended La. R.S. 51:2256 to include the LEDL" creating "a cause of action for retaliation in the case of employees alleging discrimination").[7]

---

[7] As this Court has previously explained, "the LEDL did not recognize a cause of action for retaliation until August 1, 2014, when the legislature amended Louisiana Revised Statute § 51:2256(1)," *Griffith v. O'Reilly Auto. Stores, Inc*., 2016 WL 5660917, at *6 (M.D. La. Sept. 29, 2016), which makes it unlawful for "an employer as defined in [the LEDL] to conspire . . . [t]o retaliate" against an employee who opposes discrimination or otherwise engages in protected conduct, La. Rev. Stat. § 51:2256(1).

Because the LEDL "is similar in scope to [Title VII]," *King v. Phelps Dunbar, L.L.P.*, 743 So.2d 181, 187 (La. 1999), courts have long applied Title VII "discrimination and retaliation principles when considering [a] Plaintiff's state law claims" for discrimination and retaliation, *Lee v. City of Shreveport*, 2022 WL 2161941, at *5 (W.D. La. June 15, 2022); *see also DeJean v. Jefferson Par. Sherriff Off*., 2023 WL 3434986, at *3 (E.D. La. May 12, 2023) ("To state a claim for retaliation under Title VII, or the LEDL, a plaintiff must plead facts showing: (1) that he engaged in protected activity, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action."); *Johnson v. Associated Wholesale Grocers, Inc*., 2019 WL 1572485, at

While an employer may be liable for retaliation and other forms of prohibited discrimination under the LEDL, La. Rev. Stat. § 23:302(2) (defining "employer"), it is well-settled that the law does not provide for individual liability. *See Hilliard v. Par.*, 991 F. Supp. 2d 769, 777-78 (E.D. La. 2014) ("Louisiana courts have consistently held that neither co-employees nor supervisors are subject to individual liability under the LEDL."); *Jaurdon-Simmons v. Tramontin*, 2020 WL 8085100, at *3 (M.D. La. Dec. 9, 2020) ("[T]here is no individual liability under the LEDL."). In other words, because Weber and Miranda are employees and not employers, La. Rev. Stat. § 23:302(1)-(2) (defining "employee" and "employer"), they cannot be held liable under the LEDL for retaliation or any form of prohibited discrimination.

As such, Plaintiff cannot state any claims against the individual Defendants under the LEDL or any state tort law for employment discrimination or retaliation.

## III. CONCLUSION

As explained above, Plaintiff cannot state any tort or discrimination claims against the non-diverse Defendants, Todd Weber and Dennis Miranda. The Court therefore agrees with Defendant ADM that Miranda and Weber are improperly joined. For that reason,

---

*8 (E.D. La. Apr. 11, 2019) (same); *Martin v. Winn-Dixie Louisiana, Inc.*, 2015 WL 1281943, at *7 (M.D. La. March 20, 2015) (same).

But more recently, and in stark contrast to Title VII, some courts have held that only "conspiracies" to retaliate are prohibited by the LEDL, given "[§ 51:2256(1)'s] explicit use of the word 'conspire.'" *Cook v. Parish of Jefferson*, 621 F. Supp. 3d 666, 673 (E.D. La. 2022); *Jones v. City of Monroe*, 2019 WL 5488603, at *10 (W.D. La. Oct. 8, 2019) ("In 2014, the legislature amended Louisiana Revised Statute § 51:2256 to extend retaliation protection to the aforementioned categories [under the LEDL]. By its terms, however, § 51:2256 prohibits only a conspiracy to retaliate.").

In connection with Plaintiff's Motion to Remand, we need not decide whether "§ 51:2256 prohibits only a conspiracy to retaliate," *Jones v. City of Monroe*, 2019 WL 5488603, at *10 (W.D. La. Oct. 8, 2019), as the individual Defendants would still not meet the LEDL's definition of "employer," La. Rev. Stat. § 51:2256(1) (limited to "employer[s]" as defined in the LEDL). In other words, there is still no individual liability for retaliation—conspiracy or not. And even if a conspiracy were required to state a claim for retaliation under the LEDL, the Complaint still "does not include facts to support a conspiracy." *Jones v. City of Monroe*, 2019 WL 5488603, at *10 (W.D. La. Oct. 8, 2019).

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 6) be **DENIED**, as this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. And because **Dennis Miranda** and **Todd Weber** are improperly joined, both should be **DISMISSED without prejudice**, as Plaintiff has not stated any viable claims against either Defendant. *See Ticer v. Imperium Ins. Co*., 20 F.4th 1040, 1049 (5th Cir. 2021) ("When a district court determines that a nondiverse party has been improperly joined to defeat diversity, that party must be dismissed without prejudice.").

Signed in Baton Rouge, Louisiana, on July 21, 2023.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**